IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRANCOIS COEUR,<br><br>                    Plaintiff,<br><br>v.<br><br>ALLISON ROSE,<br><br>                    Defendant | **REPORT AND RECOMMENDATION: DISMISS CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br><br>Case No. 2:17-CV-00882-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Francois Coeur filed a Complaint against Allison Rose in the District of Utah on August 7, 2017. (Compl. for Civil Theft (Compl.), ECF No. 3.)[1] On September 1, 2017, the District Court issued a Notice of Hearing to better understand Mr. Coeur's Complaint. (ECF No. 13.) Mr. Coeur failed to appear at that hearing. (ECF No. 18.) The Complaint fails to establish the Court's subject matter jurisdiction on its face, either through diversity jurisdiction or federal question jurisdiction. Therefore, the undersigned RECOMMENDS the District Court dismiss Mr. Coeur's Complaint.

## DISCUSSION

1. **Subject Matter Jurisdiction**

Before ruling on the merits of a case, the Court must first determine whether it holds subject matter jurisdiction over Mr. Coeur's claims. See Sinochem Int'l Co. v. Malay Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007) (requiring a finding of both subject matter and personal jurisdiction before reaching a case's merits). "[A] court

---

[1] On August 30, 2017, the District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 11.)

1

lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991) (quoting Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). Federal district courts "may only hear cases 'when empowered to do so by the Constitution and by an act of Congress.'" Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004) (quoting 16 James Wm. Moore, Moore's Fed. Practice § 108.04(2) (3d ed. 2003)). Because federal courts have limited jurisdiction, a presumption against federal jurisdiction exists, "and the party invoking federal jurisdiction bears the burden of proof." Penteco, 929 F.2d at 1521. However, all courts must independently "determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhgras AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). A party cannot forfeit or waive subject matter jurisdiction. Arbaugh, 546 U.S. at 514 (citing United States v. Cotton, 535 U.S. 625, 630 (2002)).

Subject matter jurisdiction arises in one of two ways. First, under 28 U.S.C. § 1331, commonly referred to as federal question jurisdiction, Congress granted district courts authority over "civil actions arising under the Constitutions, laws, or treaties of the United States." Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting 28 U.S.C. § 1331). Second, under 28 U.S.C. § 1332, Congress provides federal district courts with federal jurisdiction "over 'all civil actions where the matter in controversy exceeds the sum or value of $75,000…. and is between… citizens of different States." Grynberg v. Kinder Morgan Energy Partners, 805 F.3d 901, 905 (10th

Cir. 2015), cert. denied, — U.S. —, 136 S. Ct. 1714 (2016) (alterations in original) (quoting 28 U.S.C. § 1332).  Known as diversity jurisdiction, the United States Supreme Court interprets the statutory grant in § 1332 to require complete diversity among the parties.  See State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967).

Mr. Coeur's Complaint fails to identify any federal laws, treaties, or constitutional issues that would grant the Court federal question jurisdiction.  (See Compl. 3, ECF No. 3); 28 U.S.C. § 1331.  Mr. Coeur's sole discernible claim proceeds under a theory of theft between private individuals.  (See Civil Cover Sheet, ECF No. 3; see also Pet. of Embezzlement, ECF No. 3-1.)  District courts in the Tenth Circuit generally regard theft as a state law claim.  See Sanborn v. Am. Lending Network, 506 F. Supp. 2d 917, 924 (D. Utah 2007) (addressing theft as a state law claim); see also Maez v. Springs Auto. Grp., 268 F.R.D. 391, 394 (D. Colo. 2010) (discussing plaintiff's state law claim for civil theft under Colorado law).

Mr. Coeur also fails to establish the Court's diversity jurisdiction.  Although Mr. Coeur meets 28 U.S.C. 1332's amount in controversy requirement, (see Compl. 2, ECF No. 3 (demanding differing amounts, including $1,000,000, and more)), he fails to meet the complete diversity requirement as both he and Ms. Rose live in Utah.  (See Compl. 3, ECF No. 3).  Because Mr. Coeur's Complaint fails to establish complete diversity between the parties, the Court lacks diversity jurisdiction.

**2. Restricted Filing Warning**

As of this date, Mr. Coeur has lodged over a hundred pages of documents.  In general, the documents do not seek any specific relief and have no relevance to Mr. Coeur's appearance in federal court.  Mr. Coeur should limit his filings to those

permitted under the Federal Rules of Civil Procedure.  Failure to follow these Rules could result in the issuance of a restricted filing order as the Court granted in Mr. Coeur's first case against Ms. Rose.  (<u>Coeur v. Rose</u>, No. 2:16-cv-00117 (D. Utah 2016) ("<u>Coeur 1</u>"), Ruling & Order, ECF No. 56.)  Furthermore, while less than clear because of the difficultly reading Mr. Coeur's handwriting, the Complaint appears to seek relief similar to a complaint against Ms. Rose in February 2016.  <u>Compare</u> <u>Coeur 1</u>, Compl., ECF No. 3, <u>with</u> Compl., ECF No. 3.)  The court dismissed that case with prejudice on October 31, 2016.  (<u>Coeur 1</u>, ECF No. 71).  Repeated filing of cases already dismissed with prejudice can result in a restriction on filing future cases.  <u>See</u> <u>Van Sickle v. Holloway</u>, 791 F. 2d 1431, 1437 (10th Cir. 1986) (prohibiting filing any further complaints raising the same or similar allegations as the case before the court).

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the District Court dismiss Mr. Coeur's Complaint without prejudice.

\*

\*

\*

The Court will send copies of this Report and Recommendation to the parties, who the Court hereby notifies of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the District Court, pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 1st day of November 2017.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge